**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL J. CORBETT, | No. 14-15281 |
| Petitioner - Appellant, | D.C. No. 4:12-cv-02070-PJH |
| v. | |
| DR. JEFFREY BEARD, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Argued and Submitted December 8, 2015
San Francisco, California

Before: PAEZ, CLIFTON, and OWENS, Circuit Judges.

Michael Corbett, a California state court prisoner, appeals from the district

court's denial of his petition for a writ of habeas corpus. We have jurisdiction

pursuant to 28 U.S.C. § 1291, and we affirm.

---

      * This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** There are three components of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or impeaching; (2) the evidence must have been suppressed by the prosecution, either willfully or inadvertently; and (3) the suppression must have been prejudicial, which is satisfied when the evidence is material. *Banks v. Dretke*, 540 U.S. 668, 691 (2004); *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). Assuming (1) the transcripts of Corbett's calls with his daughters were favorable impeachment evidence and (2) they were under the control of and suppressed by the prosecution, it was not an unreasonable application of *Brady v. Maryland*, 373 U.S. 83 (1963), under AEDPA for the California Court of Appeal to hold that the call transcripts were not material.

Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). The transcripts of Corbett's phone calls to his older daughter were not material. In the calls, Corbett repeatedly expressed his concerns about his daughters "going up against" him as witnesses for the prosecution. Given that context, the older daughter's interpretation of Corbett's offer of $30,000 in land as an incentive to refuse to testify was understandable. It was not unreasonable for the Court of

Appeal to determine that the impeachment value of the transcripts of Corbett's calls to his older daughter was not material.

The transcripts of Corbett's phone calls to his younger daughter were also not material. It was not unreasonable for the Court of Appeal to determine that the calls were not "materially different from what [the younger daughter] testified to at trial." The tone of the calls was combative, and given the context of the conversation, it was reasonable for the younger daughter to think that Corbett was "in effect, accusing her of being complicit in the victim's molestation." It was therefore reasonable for the Court of Appeal to hold that the transcript provided immaterial impeachment value.

**2.** To prevail on a Sixth Amendment ineffective assistance of counsel claim, a petitioner must establish: (1) that his counsel was deficient, meaning that counsel fell below an "objective standard of reasonableness;" and (2) that he was prejudiced by counsel's deficient performance, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). When analyzing ineffective assistance of counsel claims under AEDPA, we must be "doubly deferential." *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (citation omitted).

Corbett's *Strickland* claim is based on his attorney's failure to obtain the transcripts of the calls. For the same reasons described above, Corbett's attorney's failure to obtain these transcripts, even if it fell below an objective standard of reasonableness, was not prejudicial. *See Strickland*, 466 U.S. at 694 (explaining that the test for prejudice "finds its roots in the test for materiality" in *Brady*).

Moreover, to the extent Corbett's claim is based on his trial attorney's alleged substance abuse, his claim also fails. Corbett did not identify any specific behaviors, other than those related to the call transcripts, that show his attorney's conduct fell below an objective standard of reasonableness. *See Bonin v. Calderon*, 59 F.3d 815, 838 (9th Cir. 1995).

**AFFIRMED.**